IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

vs.

VICTORIA MCGEE HARRIS,

Defendant.                                                              No. 11-CR-30022-DRH

MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On October 5, 2015, Harris filed a petition to grant relief from final judgment or order, pursuant to Rules of the Court 60(b)(2) in accordance to Rule 60(b)(3) 'Fraud on the Court' (Doc. 148). Thereafter, she filed a first amended petition (Doc. 150). The government filed an opposition (Doc. 151) and Harris filed a reply (Doc. 152). Based on the following, the Court dismisses for want of jurisdiction Harris' motions.

On February 17, 2012, the Court sentenced Harris to 210 months imprisonment (Docs. 46 & 50). Harris appealed. On July 11, 2013, the Seventh Circuit Court of Appeals issued its Mandate affirming Harris' sentence and conviction (Doc. 147). Thereafter on September 18, 2013, Harris filed a petition to vacate her sentence pursuant to 28 U.S.C. § 2255. See *Harris v. United States*, 13-0963-DRH. On October 10, 2014, the Court denied Harris' 28 U.S.C. § 2255 petition, dismissed with prejudice her case and declined to issue a certificate of appealability. *Id.* at Doc. 10. The Clerk of the Court entered judgment reflecting

the same on October 14, 2014. *Id.* at Doc. 11. Harris untimely filed her notice of appeal on January 15, 2015. *Id.* at Doc. 12. On October 26, 2015, the Seventh Circuit Court of Appeals issued its Mandate dismissing for lack of jurisdiction Harris' appeal regarding her § 2255 petition. *Id.* at Doc. 25.

Once a district court enters final judgment it lacks jurisdiction to continue to hear related issues, except to the extent authorized by statute or rule. *See Carlisle v. United States*, 517 U.S. 416 (1996). The following post-judgment motions are allowed if timely filed. Under Federal Rule of Criminal Procedure 35, revision is proper only within 14 days, unless the prosecutor files an appropriate motion or the court of appeals remands. Further, a Rule 33 motion for new trial based on evidence must be brought within 3 years after the verdict and a Rule 33 motion for new trial based on other grounds must be brought within 14 days after the verdict. Lastly, a collateral attack under 28 U.S.C. § 2255 which has a 1 year statute of limitations.

Here, Harris does not cite any case law or statute which allows the Court to consider her motion. Rule 35 is inapplicable because this motion is brought almost 3 years and 8 months after the sentencing and judgment; the motion does not appear to be brought to correct the sentence arithmetical, technical or other clear error and the government has not filed a motion to reduce. Likewise, Rule 33 does not apply because the motion does not appear to be brought on newly discovered evidence and it was not filed within 14 days of the finding of guilty to be timely to be brought based on other reasons. Therefore, the only other

possible procedural avenue that Harris could bring this motion is a § 2255 collateral attack.

Here, Harris has titled her motions as petition to grant relief from final judgment or order, pursuant to Rules of the Court 60(b)(2) in accordance to 60(b)(3) "Fraud on the Court." Clearly, Harris' motions are seeking to attack the judgment. A post judgment motion such as a Rule 60(b) motion that advances a new claim, that is, a new ground for relief from a conviction or an attack on the Court's prior resolution of a ground for relief on the merits is a successive petition. *See Gonzalez v.* Crosby, 545 U.S. 524, 531, 125 S.Ct. 2641, 162 L.E.2d. 480 (2005)(*habeas* context); *see United States v.* Scott, 414 F.3d 815, 816 (7th Cir. 2005).

As the record is abundantly clear, this is not Harris' first attempt at attacking her conviction and judgment. In order for the Court to consider a successive petition, the Seventh Circuit Court of Appeals must certify the successive petition pursuant to 28 U.S.C. § 2255, ¶ 8. *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). The Seventh Circuit has not done so. Therefore, the Court does not have jurisdiction to entertain the pending motions.

Accordingly, the Court **DIMISSES for lack of jurisdiction** Harris' motions (Docs. 148 & 150).

**IT IS SO ORDERED.**

Signed this 2nd day of December, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.12.02 15:41:47 -06'00'

**United States District Court**